I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 7/21/09

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
JUL 20 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GEORGE SANDOVAL,<br><br>    Petitioner,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER,<br><br>    Respondent. | Case No. CV 09-4659 CJC (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by George Sandoval ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises numerous claims directed at Petitioner's 2000 conviction and sentence of 9 years that he sustained following a jury trial in the California Superior Court for Los Angeles County (case no. KA050723). (Pet. at 2.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition and relevant state court records[1] show Petitioner

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate (continued...)

sustained his underlying conviction and sentence in 2000. (Pet. at 2.) On January 18, 2006, the California Supreme Court (case no. S139485) denied his petition for review, and Petitioner never filed a petition for certiorari with the United States Supreme Court. (Pet. at 3; Official records of California courts.) Therefore, for purposes of AEDPA's limitation period, Petitioner's judgment became final on April 18, 2006, the 90th day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, April 19, 2006, and ended a year later on April 18, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitation period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not sign, date, and constructively file his pending Petition in this matter until June 5, 2009[2/] -- 779 days after the statute expired.

Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitation period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

## C. Statutory Tolling

AEDPA provides a statutory tolling provision that suspends the limitation

---

[1/] (...continued) courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2/] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The pending Petition was filed by the Clerk on June 29, 2009, however, for purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on June 5, 2009, the date he signed it. (Pet. at 8.)

period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). Petitioner did not seek collateral review in the state courts so he is not eligible to receive statutory tolling. (Pet. at 4-5; Official records of California courts.) Therefore, the Petition is untimely by 779 days (the amount of untolled time between the limitation deadline (04/18/07) and the Petition's constructive filing date (6/05/09)).

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

#### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

#### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §

2244(d)(1)(D); *see also Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's filings do not set forth any facts that show he is entitled to relief based upon a late discovery of the factual predicate.

E.     **Equitable Tolling**

The United States Supreme Court has not yet decided whether AEDPA's limitation period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

Although the Ninth Circuit has found equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has cautioned "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly fact-dependent.'" *Id*. The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *Lawrence*, 549 U.S. at 336. *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitation period was

running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). Further, the petitioner must demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802.

By way of his Motion and Request to Appoint Counsel and Private Investigator ("Motion"), which Petitioner concurrently filed with the instant Petition, he argues appointment of counsel and a private investigator is warranted to assist him in "obtaining exculpatory information and evidence . . . in [this] criminal process." (Mot. at 2:1-6.) He claims he cannot adequately represent and/or defend himself because he is unable to gain access to the prison library or legal materials, including "the simplest access to a [petition] form" due to prison lockdowns. (*Id.* at 1-2.) To the extent Petitioner contends he is entitled to equitable tolling because of his inadequate access to the law library, legal materials, and forms due to prison lockdowns, Petitioner's contentions lack merit for several reasons.

First and foremost, the lack of access to the prison law library or legal materials does not generally qualify as an "extraordinary circumstance" sufficient to equitably toll the statute of limitations for federal habeas petitions. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2002) (as amended) (holding the lack of access to library material does not automatically qualify as grounds for equitable tolling); *see also Rosati v. Kernan*, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2006); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's alleged lack of access to law library materials and resulting unawareness of the limitation period until it was too late did not warrant equitable tolling); *Deayon v. Walker*, No. CV 08-5566 RSWL (FMO), 2009 WL 772936, at *3 (C.D. Cal. Mar. 17, 2009); *Xayasomloth v. Cate*, No.

08CV260 BEN (AJB), 2009 WL 514286, at *4 (S.D. Cal. Feb. 27, 2009); *Wilder v. Runnels*, No. C031478 CRB (PR), 2003 WL 22434102, at *3 (N.D. Cal. Oct. 22, 2003). This is particularly true, where, as here, Petitioner has failed to establish that, during the relevant 779-day period, he made any timely or proper requests for access to the law library or requested specific legal materials or forms he actually needed in order to prepare and file his Petition in a timely manner, and that his requests for access and legal materials were denied. In fact, Petitioner's own action betrays the lack of merit in his contention that he was unable to obtain "the simplest access to a form." Despite his alleged lockdown status, the pending Petition indisputably shows that Petitioner was able to obtain access to a federal habeas form and successfully file the Petition in this Court. Petitioner's inadequate law library contention ignores the clearly established premise that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174 (1996). "[M]eaningful access to the courts is the touchstone . . . and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered [his] efforts to pursue a legal claim." *Id*. Neither the Petition nor Motion make the required demonstration.

Second, as to the alleged lockdowns, Petitioner's naked allegations merely suggest, but do not expressly show, that the prison was continually on lockdown status throughout the relevant 779-day period and that, as a direct result of a constant lockdown, he was unable to gain access, directly or indirectly, to the prison law library or legal materials and forms throughout the entire period. Further, prison officials of necessity must regulate the time, manner and place in which library facilities and legal assistant programs are used. *See Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985). Therefore, lockdowns, placement in administrative segregation/solitary confinement, and other common restrictions on access to the law

library and legal assistant programs generally do not qualify as "extraordinary circumstances." *Lewis*, 518 U.S. at 361-62; *Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002); *Xayasomloth*, 2009 WL 514286, at *5. There is no due process violation so long as an inmate has the basic capability of presenting his claims to the courts, irrespective of the "capability of turning pages in a law library." *Lewis*, 518 U.S. at 356-57; *see also Robinson v. Hedgpeth*, No. CIV S-07-1228-MCE-CMK-P, 2009 WL 243410, at *5 (E.D. Cal. Jan. 27, 2009) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition"); *Moraza v. Clark*, No. 1:07-cv-01226-LJO-TAG HC, 2009 WL 160297, at *4 (E.D. Cal. Jan. 21, 2009) (same). This is particularly true where, as here, Petitioner has failed to allege or show the purported lockdown continually prevented him from filing his Petition during the time the limitation period was running.

In light of the above, the Court finds Petitioner is not entitled to equitable tolling because he has failed to satisfy either of the *Pace* elements. Petitioner has not met his burden to show he was reasonably diligent in pursuing federal habeas relief throughout the time that AEDPA's limitation period was running; nor has he shown that he was prevented from filing a timely petition because of extraordinary circumstances. *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005); *see Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007) (concluding that the unavailability of case law interpreting § 2244(d) in an Arizona prison facility did not entitle the petitioner to equitable tolling because of the petitioner's failure to establish the requisite causal connection and his related failure to pursue his petition with diligence). Accordingly, Petitioner is not entitled to equitable tolling.

///

///

# ORDER

Based on the foregoing, the Court finds the Petition is untimely. Accordingly, Petitioner shall have until **August 10, 2009**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: July 20, 2009

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE